Case 2:15-cv-08610-FMO-GJS Document 5 Filed 11/16/15 Page 1 of 4 Page ID #:29

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4,<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY COOMBS, et al.,<br><br>Defendants. | CASE NO. CV 15-8610 FMO (GJSx)<br><br>**ORDER REMANDING ACTION** |

On November 4, 2015, defendants Courtney Coombs and Jeff Toland ("defendants"), having been sued by U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2005-4 ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Notice of Removal of Action ("NOR") at 2-3).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126

S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction <u>sua</u> <u>sponte</u> before proceeding to the merits of a case, <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1]  <u>See id.</u>  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); <u>see</u> <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  <u>See</u> <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 684 (9th Cir. 2006) (<u>per curiam</u>) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  <u>See</u> <u>Gaus</u>, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts." <u>Syngenta Crop Protection</u>, 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do

---

[1] Given Congress's intent to facilitate adjudication of certain class actions in federal court, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  <u>See</u> <u>Dart Cherokee Basin Operating Company, LLC v. Owens</u>, 135 S.Ct. 547, 554 (2014).

so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court on the basis of federal question jurisdiction. The state court complaint contains a single cause of action for unlawful detainer, (see NOR, Exh. B (Verified Complaint for Unlawful Detainer)), and discloses no federal statutory or constitutional question. (See, generally, id.); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

To the extent defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, (see NOR at 2), those defenses do not provide a basis for federal question jurisdiction. It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987).

In short, there is no subject matter jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or**

1 **submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 300 East Walnut Street, Pasadena, California 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 16th day of November, 2015.

/s/
Fernando M. Olguin
United States District Judge